WILLIAM S. GNICHTEL, PLAINTIFF-APPELLANT, v. LOUIS RABINOWITZ, TRADING UNDER THE NAME OF FARMERS' SEED STORE, DEFENDANT-RESPONDENT.

Argued February 8, 1933—Decided April 27, 1933.

For the plaintiff-appellant, *Whiting & Moore*.

For the defendant-respondent, *Charles Blume* and *Abraham Helfgott*.

Per Curiam.

This appeal brings up a judgment of the Supreme Court, entered upon *postea* after trial before Circuit Court Judge Smith, sitting without a jury. The *postea* stated that "the court granted the motion for direction of a verdict in favor of the defendant."

The appellant's first ground of appeal is that "the court directed a verdict in favor of the defendant and against the plaintiff." The suit arose out of the alleged purchase by defendant from plaintiff of ten thousand pounds of spinach seed.

The plaintiff relied upon letters that passed between the parties to establish the contract. Defendant denied authorship or responsibility for the letters relied upon to establish the contract, and asserted that they were written by his son without his authority or knowledge. The son testified to the same effect. Several letters written at a later time were signed by the defendant, but he insisted that he did not order the goods or authorize his son to do so for him, and that he did not do anything to ratify such order.

The appellant in his brief, at the conclusion of his first point, summarizes the matter as follows: "Accordingly, it becomes a question of fact to determine (1) whether or not the defendant himself entered into the contract of sale; (2) whether or not the defendant authorized his son to enter into such contract on his behalf; (3) assuming that the contract was originally unauthorized, whether or not the defendant subsequently ratified his son's action."

The trial judge, in granting the defendant's motion, said: "I will grant the motion for the direction of a verdict in favor of the defendant on the ground that the defendant here did not enter into the contract."

In our view, a question of fact was presented upon the proofs submitted. Although the judge in disposing of the case said that the motion for the direction of a verdict was granted, inasmuch as he followed this with the statement that he found that the defendant "did not enter into the contract," it is apparent that he decided in favor of defendant as a matter of fact and not as a matter of law.

Assuming a conflict in the testimony, the trial judge evidently found as a fact that defendant did not enter into the contract in suit, and did not authorize or ratify one made by his son. If there is support in the evidence for such finding, it cannot be disturbed on appeal. We cannot say that there was not support for such finding.

The disposition of this ground of appeal renders unnecessary a consideration of the other ground of appeal, which related to the rejection of testimony on the *quantum* of damages.

The judgment under review is affirmed.

*For affirmance*—THE CHIEF JUSTICE, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 12.

*For reversal*—None.